RICHARD M. BOOHER AND NANCY ANN BROWN v. WILLIAM C. FRUE, RONALD K. PAYNE AND MICHAEL Y. SAUNDERS

No. 8728SC37

(Filed 21 July 1987)

1. Fraud § 9— attorney-client relationship—constructive fraud—sufficiency of complaint

Plaintiffs' complaint was sufficient to state a claim for constructive fraud where plaintiffs alleged facts and circumstances surrounding the formation and development of the confidential relationship between the male plaintiff and defendant attorneys; plaintiffs identified the specific transactions which they alleged to have been procured through constructive fraud and the times these transactions occurred; plaintiffs stated that defendants were trusted to look after plaintiffs' best interests; and plaintiffs' complaint which merely implied that a confidential relationship existed between plaintiff and one defendant was sufficient to withstand defendants' motion for dismissal.

2. Trusts § 16— attorney-client relationship—constructive trust—sufficiency of complaint

By alleging that a fiduciary relationship existed (lawyer and client), that a fiduciary duty was breached, and that defendants gained because of that breach (even though plaintiffs may have suffered no direct loss), plaintiffs made a claim for constructive trust sufficient to withstand defendants' motion to dismiss.

Judge JOHNSON dissenting.

APPEAL by plaintiffs from *Owens, Judge.* Order entered 27 March 1986 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 3 June 1987.

In their complaint filed 25 November 1985, plaintiffs alleged the following: In 1981 plaintiffs' son suffered injuries due to a work related accident in the state of Texas. He later died as a result of his injuries.

In September of 1982, plaintiff Booher was sitting in a lounge in Asheville, North Carolina talking to his employer about his son's accident and about his plans of traveling to Texas in a private plane in order to secure counsel for any claims arising out of his son's death. Defendant Frue, an attorney, joined in the discussion and agreed to accompany Booher to Texas and assist in locating counsel.

When Frue arrived at the airport to accompany Booher, he was with another attorney, defendant Payne. Booher assumed that Payne was Frue's partner and that Payne was making the trip at Frue's invitation.

At the suggestion of Frue, Booher met with a law firm in Texas about handling the probate matter of having plaintiff appointed administrator of his son's estate. That law firm referred Booher to defendant Saunders, a Houston trial lawyer, and arranged for Booher, Frue and Payne to meet with Saunders. Prior to this meeting, neither Frue nor Payne had ever communicated with Saunders.

After a short conference between Booher, Saunders, Frue and Payne, it was agreed that Saunders would receive a one-third contingency fee for representing plaintiffs in their life insurance claim and their wrongful death claim. In the claim for Workers' Compensation, Saunders would receive one-fourth of any recovery. At no time during the above meeting did Frue or Payne attempt any negotiations concerning Saunders' fee.

Immediately following the meeting, however, Frue and Payne met with Saunders alone. Frue represented that he was the referring attorney and proceeded to negotiate a referral fee for himself or for himself and Payne. Despite the fact that the referral was made by the law firm handling the probate matter, Frue and Payne secured a referral fee of one-third of whatever Saunders garnished as his fee for representing plaintiffs. Booher was not told of this arrangement.

After returning to Asheville, Booher approached Frue and offered to pay him for his time and efforts. Frue made no mention of the fee division agreement with Saunders. It was not until approximately one year later that Frue informed Booher of the arrangement. Booher immediately told Frue that he had no authority to negotiate such a fee for himself. Booher then telephoned Saunders, informed him of the situation and notified him not to pay the referral fee. Saunders, however, paid Frue and Payne the sum of $123,288.60 which the two parties divided.

Booher made demands that both Frue and Payne pay all of the fees received by them over to himself or that the funds be returned to Saunders. Frue and Payne refused. Plaintiffs, through

counsel, asked Saunders to join in this action as a party plaintiff so that the court could determine the rights of all interested parties. Saunders, however, refused to do so and he was made a defendant pursuant to Rule 19(a) of the North Carolina Rules of Civil Procedure.

Defendants Frue and Payne made motions to dismiss this action. The trial court granted these motions pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure.

From this order, plaintiffs appeal.

*Kennedy, Covington, Lobdell & Hickman, by James E. Walker and Alice Carmichael Richey, for plaintiff appellants.*

*Ronald W. Howell for defendant appellees Frue and Payne.*

ARNOLD, Judge.

Plaintiffs contend that the trial court erred in dismissing their complaint setting forth claims for constructive fraud and constructive trust. We agree.

[1]   In order to survive a motion to dismiss under Rule 12(b)(6) a plaintiff must only "state enough to give the substantive elements of a legally recognized claim." *Raritan River Steel Co. v. Cherry, Bekaert and Holland,* 79 N.C. App. 81, 85, 339 S.E. 2d 62, 65, *disc. rev. granted,* 316 N.C. 734, 345 S.E. 2d 392 (1986). To set out a claim for constructive fraud a complaint must allege facts "(1) which created the relation of trust and confidence, and (2) [which] led up to and surrounded the consummation of the transaction in which defendant is alleged to have taken advantage of his position of trust to the hurt of plaintiff." *Terry v. Terry,* 302 N.C. 77, 85, 273 S.E. 2d 674, 679 *(quoting Rhodes v. Jones,* 232 N.C. 547, 549, 61 S.E. 2d 725, 726 (1950) ).

Plaintiffs have alleged facts and circumstances surrounding the formation and development of the confidential relationship between Booher and Frue and Payne. Plaintiffs have identified the specific transactions that they allege to have been procured through constructive fraud and the times that these transactions occurred. Plaintiffs also have stated that the defendants were trusted to look after plaintiffs' best interests.

Booher v. Frue

Our Supreme Court has stated that a claim for constructive fraud requires less particularity than a claim for actual fraud since constructive fraud is based on a confidential relationship and not a specific misrepresentation. *Terry v. Terry*, 302 N.C. 77, 273 S.E. 2d 674 (1981). Although plaintiffs stated in their complaint that they never retained Payne to represent them in any capacity, plaintiffs also allege that they assumed he worked for Frue. Plaintiffs' complaint implies that a confidential relationship existed between Booher and both Frue and Payne. In order to prevail against Payne for constructive fraud, plaintiffs must prove at trial that a confidential relationship did in fact exist between Payne and Booher. It is enough at this stage, however, that plaintiffs' complaint imply that such a relationship existed.

A claim for relief should not be dismissed based on insufficiency unless it is certain that a plaintiff would not be entitled to relief under any state of facts which could be proved in support of plaintiff's claim. *Morrow v. Kings Department Stores*, 57 N.C. App. 13, 290 S.E. 2d 732, 734, *disc. rev. denied*, 306 N.C. 385, 294 S.E. 2d 210 (1982). Plaintiffs' complaint for constructive fraud survives a motion to dismiss pursuant to Rule 12(b)(6).

[2] Plaintiffs' complaint also states a claim for constructive trust which survives a motion to dismiss pursuant to Rule 12(b)(6).

Concerning plaintiffs' claim for constructive trust, defendants make the statement in their brief that unjust enrichment is "based upon the principle that one person is unjustly enriched to the loss of another person." Defendants suggest that in all unjust enrichment cases, a plaintiff must have actual damages. This is incorrect.

Restitution recovery and damages recovery are based on entirely different theories. D. Dobbs, *Law of Remedies*, § 4.1, at 224 (1973). "(T)he main purpose of the damages award is some rough kind of compensation for the plaintiff's loss. This is not the case with every kind of money award, only with the damages award." *Id.* § 3.1 at 136. In this respect, restitution stands in direct contrast to the damages action. *Id.* § 4.1 at 224. "The restitution claim, on the other hand, is not aimed at compensating the plaintiff, but at forcing the defendant to disgorge benefits that it would be unjust for him to keep." *Id.* A plaintiff may receive a windfall in some cases, but this is acceptable in order to avoid any

unjust enrichment on the defendant's part. *Id.* The principle of restitution "is to deprive the defendant of benefits that in equity and good conscience he ought not to keep . . . even though plaintiff may have suffered *no* demonstrable losses." *Id.*

The relationship between attorney and client is based upon the utmost trust and confidence. This relationship imposes "high duties and responsibilities" on the attorney. *Mebane v. Broadnax,* 183 N.C. 333, 335, 111 S.E. 627, 628 (1922). If counsel, contrary to the duty that his skill must be used solely for the benefit of the client, makes a personal profit out of the relationship, "the court will always set aside the transaction, or decree that the benefit which the attorney has reaped must be held in trust for the benefit of the client . . . ." *Id.* at 338, 111 S.E. at 629.

In *Speight v. Trust Co.,* 209 N.C. 563, 183 S.E. 734 (1936), our Supreme Court stated that the major premise underlying a constructive trust is that the trustee would be unjustly enriched if he were allowed to keep any profit made from a violation of the trust. The trustee must not gain any personal advantage touching the property as to which the fiduciary position exists. *Id.* If a fiduciary has made a profit through the violation of a duty owed to a plaintiff "he can be compelled to surrender the profit to the plaintiff." V. A. Scott, *The Law of Trusts* § 462-2, at 3418. "It is immaterial that the profit was not made at the expense of the beneficiary or principal . . . ." *Id.* § 502, at 3555.

We recognize that in *McGee v. Eubanks,* 77 N.C. App. 369, 374, 335 S.E. 2d 178, 181 (1985), *disc. rev. denied,* 315 N.C. 589, 341 S.E. 2d 27 (1986), this Court stated that a breach of the Code of Professional Responsibility "in and of itself would not be a basis for civil liability." However, what is involved in the case *sub judice* is not only a possible breach of the Code of Professional Responsibility, but also a claim of unjust enrichment based on the breach of fiduciary duty owed to plaintiffs. The *McGee* decision does not insulate attorneys from civil actions based on principles of common or statutory law, including claims for constructive fraud, unjust enrichment and constructive trust. To hold that defendants have no civil liability when a violation of a disciplinary rule is involved would fly against sound judgment and would ignore certain basic and well-established principles of law.

Booher v. Frue

In summary, plaintiffs, by alleging that a fiduciary relationship existed, that a fiduciary duty was breached, and that defendants gained because of that breach (even though plaintiffs may have suffered no direct loss) have made a claim for constructive trust. The decision of the trial court dismissing this action is reversed and this case is remanded for further proceedings.

Reversed and remanded.

Judge PARKER concurs.

Judge JOHNSON dissents.

Judge JOHNSON dissenting.

I respectfully dissent from the majority opinion to the extent that it holds that plaintiffs have alleged a legally recognized claim against defendants Frue and Payne.

Plaintiffs' complaint does not allege that defendants Frue and Payne entered into an attorney and client relationship with him. There are no allegations of a retainer fee offered by plaintiffs or accepted by defendants prior to the trip to Texas. Indeed plaintiffs' complaint alleges, *inter alia*, that "*At no time* did Booher intend to retain Frue to negotiate settlement or to institute legal proceedings in the State of Texas . . . . *At no time did Booher retain Payne to represent him in any capacity* . . . ." (Emphasis supplied.)

Assuming arguendo that there were allegations that plaintiffs retained defendants Frue and Payne to assist him in finding competent legal assistance, I do not find allegations that plaintiffs retained defendants Frue and Payne to negotiate a fee arrangement with Saunders. Moreover, there are no allegations that defendants Frue and Payne negotiated plaintiffs' fee arrangement with Saunders. There are no allegations that defendants Frue and Payne influenced plaintiffs to accept the fee arrangement with Saunders. There are no allegations that defendants Frue and Payne requested a referral fee from Saunders prior to or during any negotiations with Saunders regarding plaintiffs' fee arrangement with Saunders. Nor are there any allegations that defendants Frue and Payne influenced plaintiffs to retain Saunders

because they knew they could get a referral fee from him in particular or that their referral of plaintiffs to him was contingent upon their receiving a referral fee from him.

Plaintiffs' complaint, to the contrary, alleges that "At no time during the above meeting did Frue or Payne attempt any negotiation regarding Saunders' fee." There are no allegations in plaintiffs' complaint that the referral fee received by defendants, in any way, affected Saunders' contingency fee. In plaintiffs' complaint, it is patently alleged that defendants did not approach Saunders until the conclusion of the conference wherein plaintiff and Saunders had agreed to the contingency fees and plaintiff retained Saunders to represent him. Therefore, Count I of plaintiffs' complaint must fail or survive based on the allegation that defendants accepted a referral fee without disclosing said acceptance to plaintiffs.

It is a violation of the disciplinary rules of the North Carolina Code of Professional Responsibility for a retained attorney to divide legal fees with another attorney merely because an attorney has referred a client. DR 2-106(A), North Carolina Code of Professional Responsibility. This Court has previously stated that a "breach of the Code of Professional Responsibility in and of itself would not be a basis for civil liability." *McGee v. Eubanks*, 77 N.C. App. 369, 374, 335 S.E. 2d 178, 181 (1985), *disc. rev. denied*, 315 N.C. 589, 341 S.E. 2d 22 (1986). A violation of the ethical principle of not accepting a division of legal fees for a referral has not been accepted as a violation of a legal duty. I conclude that Count I of plaintiffs' complaint fails due to insufficient factual allegations to satisfy the elements of a legally recognized claim.

Plaintiffs' second count of the complaint seeks restitution through imposition of a constructive trust aimed at forcing defendants Frue and Payne to disgorge benefits that it would be unjust for them to keep. *See* D. Dobbs, *Law of Remedies*, sec. 4.1 at 224 (1973). Our Supreme Court has described a constructive trust as follows:

> A constructive trust is a duty, or relationship, imposed by courts of equity to prevent the unjust enrichment of the holder of title to, or of an interest in, property which such holder acquired through fraud or some other circumstance making it inequitable for him to retain it against the claim of

the beneficiary of the constructive trust . . . . It is an obligation or relationship imposed irrespective of the intent with which such party acquired the property, and in a well-nigh unlimited variety of situations. Nevertheless, there is a common, indispensable element in the many types of situations out of which a constructive trust is deemed to arise. This common element is some fraud, breach of duty or other wrongdoing by the holder of the property, or by one under whom he claims, the holder, himself, not being a bona fide purchaser for value.

*Wilson v. Crab Orchard Development Co.*, 276 N.C. 198, 211-12, 171 S.E. 2d 873, 882 (1970).

My review of plaintiffs' complaint does not reveal factual allegations sufficient to survive defendants' motion to dismiss. As discussed *supra* there are insufficient allegations of constructive fraud and insufficient allegations of a breach of a fiduciary duty. The essence of plaintiffs' allegations is that defendant Frue breached an ethical principle imposed upon him by the Rules of Professional Conduct. This principle prohibiting a non-disclosed division of legal fees as payment for a referral has not been accepted as a legal principle. Without precedent from our Supreme Court or this Court I decline to hold that plaintiffs have alleged a valid claim for a constructive trust on alleged referral fees received by defendants Frue and Payne from Saunders which plaintiffs allege were negotiated subsequent to the contingency fee agreement with Saunders and Booher's retention of Saunders to represent his interests. *See Eubanks, supra.*