MARLON A. GOAD, BY HIS ATTORNEY IN FACT, CHARLES L. GUYNN, PLAINTIFF v. CHASE HOME FINANCE, LLC, BROCK & SCOTT, PLLC AND JOY WALMER, SUBSTITUTE TRUSTEE, DEFENDANTS

No. COA10-227

(Filed 7 December 2010)

**Injunctions— preliminary injunction—foreclosure sale—upset bid period expired—mootness**

A *de novo* review revealed that the trial court did not err by denying plaintiff's application seeking to have a foreclosure sale enjoined on the grounds that the hearing was not timely scheduled as required by N.C.G.S. § 45-21.34. The application was moot because the applicant was required to seek and obtain the requested injunction before the point at which the upset bid period expired. Further, the amount of the foreclosure sale did not appear inadequate or inequitable.

Appeal by Plaintiff from judgment entered 28 September 2009 by Judge Franklin F. Lanier in Brunswick County Superior Court. Heard in the Court of Appeals 30 August 2010.

*Johnson & Moore, P.A., by Kimberly L. Moore, for plaintiff-appellant.*

*Ward & Smith, P.A., by Ryal Tayloe, for defendant-appellee, Chase Home Finance, LLC.*

*Brock & Scott, PLLC, by Jeremy B. Wilkins, for defendant-appellee, Brock & Scott, PLLC, and Joy Walmer, Substitute Trustee.*

ERVIN, Judge.

Plaintiff Marlon A. Goad appeals from an order denying his application seeking to have a foreclosure sale enjoined pursuant to N.C. Gen. Stat. § 45-21.34. After careful consideration of Plaintiff's challenges to the trial court's order in light of the record and the applicable law, we conclude that the trial court's order should be affirmed.

## I. Factual Background

### A. Substantive Facts

On 24 March 2005, Plaintiff executed a deed of trust in favor of Defendant JP Morgan Chase Bank, N.A., which was recorded at Book

2114, Page 1086 in the Brunswick County Registry. The real property utilized to secure the underlying obligation was described in the deed of trust as "ALL of Lot 169, Block 15-R, according to a map of Sunset Beach appearing of record in Map Cabinet H, Page 358 of the Brunswick County, North Carolina Registry" and is located at 1214 Canal Drive in Sunset Beach, North Carolina. Constance R. Stienstra was designated as trustee in the original deed of trust. On 3 October 2008, Brock & Scott, PLLC or Joy Walmer were named substitute trustees in lieu of Ms. Stienstra.

On 5 November 2008, Defendants initiated a proceeding to foreclose on the 1214 Canal Drive property in accordance with the deed of trust. The amended notice of foreclosure sale, which was filed on 28 July 2009, indicated that the foreclosure sale would be conducted on 27 August 2009. On that date, Plaintiff received an offer to purchase the 1214 Canal Drive property for $450,000.00 and forwarded information concerning that offer to Defendants. In light of the making of this offer to purchase, Defendants filed a notice of postponement stating that "the sale originally scheduled on August 27, 2009 at 10:00AM . . . is hereby postponed until September 8, 2009 at 10:00AM[.]"

On 3 September 2009, Defendant mailed a copy of the notice of postponement to Plaintiff accompanied by a cover letter stating that "[t]he sale scheduled to take place on August 27, 2009 at 10:00AM has been postponed until September 8, 2009 at 10:00AM." Plaintiff received Defendants' mailing on 5 September 2009. The foreclosure sale was held as scheduled on 8 September 2009. At the postponed sale, Defendant Chase bid $423,932.55 for the 1214 Canal Drive property.

## B. Procedural History

On 18 September 2009, Plaintiff filed an Application to Enjoin Foreclosure Sale Under N.C. [Gen. Stat.] § 45-21.34. Plaintiff's application was heard before the trial court on 28 September 2009. At the conclusion of the hearing, the trial court declined to enjoin the foreclosure sale in accordance with Plaintiff's request on the grounds that the "hearing was not timely scheduled as required by the provisions of N.C. Gen. Stat. [§§ 45-21.34-35], and, in addition, the amount bid at the foreclosure sale does not appear inadequate or inequitable." Plaintiff noted an appeal to this Court from the trial court's order.

GOAD v. CHASE HOME FIN., LLC

[208 N.C. App. 259 (2010)]

## II. Legal Analysis

## A. Standard of Review

The applicable standard of review utilized in an appeal from the denial of a request for a preliminary injunction is "essentially *de novo.*" *Robins & Weill v. Mason*, 70 N.C. App. 537, 540, 320 S.E.2d 693, 696, *disc. review denied*, 312 N.C. 495, 322 S.E.2d 559 (1984). " '[A]n appellate court is not bound by the findings, but may review and weigh the evidence and find facts for itself.' " *Id.* (quoting *A.E.P. Industries v. McClure*, 308 N.C. 393, 402, 302 S.E.2d 754, 760 (1983)). However, "a trial court's ruling . . . is presumed to be correct, and the party challenging the ruling bears the burden of showing it was erroneous." *Analog Devices, Inc. v. Michalski*, 157 N.C. App. 462, 465, 579 S.E.2d 449, 452 (2003).

## B. Analysis of Trial Court's Decision

On appeal, Plaintiff asserts that the trial court erred by concluding that N.C. Gen. Stat. § 45-21.34 requires that the Plaintiff's application for the entry of an order enjoining the foreclosure sale be heard and decided prior to the time at which the rights of the parties to the sale become fixed. We are not persuaded by Plaintiff's contention.

N.C. Gen. Stat. § 45-21.34 provides, in pertinent part, that:

> Any owner of real estate . . . may apply to a judge of the superior court, prior to the time that the rights of the parties to the sale or resale becoming fixed pursuant to [N.C. Gen. Stat. §] 45-21.29A to enjoin such sale, upon the ground that the amount bid or price offered therefor is inadequate and inequitable and will result in irreparable damage to the owner or other interested person, or upon any other legal or equitable ground which the court may deem sufficient.

According to Plaintiff, the provision of N.C. Gen. Stat. § 45-21.34 providing that an application seeking to enjoin a foreclosure sale be made "prior to the time that the rights of the parties . . . become fixed" requires nothing more than that the application be filed with the Clerk of Superior Court prior to the expiration of the time period allowed for upset bids. Defendant, however, argues that the relevant provision of N.C. Gen. Stat. § 45-21.34 requires that the application be filed, heard and decided prior to the end of the upset bid period in the absence of some other occurrence that prevents the rights of the parties to the sale from becoming fixed. The essential question before us

GOAD v. CHASE HOME FIN., LLC

[208 N.C. App. 259 (2010)]

is, ultimately, one of statutory construction—what does it mean to "apply" to a judge of the Superior Court prior to the time that the "rights of the parties" have become "fixed" for purposes of N.C. Gen. Stat. § 45- 21.34? After careful study of the relevant statutory language and decisional law, including *Morroni v. Maitin*, No. COA03-992, 2004 N.C. App. LEXIS 997 (2004),[1] we conclude that such an application must be heard and decided, as well as filed, prior to the date upon which the rights of the parties to the sale became fixed in order for the Superior Court to retain the authority to enjoin a foreclosure sale.

"The principal goal of statutory construction is to accomplish the legislative intent." *Lenox, Inc. v. Tolson*, 353 N.C. 659, 664, 548 S.E.2d 513, 517 (2001) (citing *Polaroid Corp. v. Offerman*, 349 N.C. 290, 297, 507 S.E.2d 284, 290 (1998), *cert. denied*, 526 U.S. 1098, 143 L. Ed. 2d 671, 119 S. Ct. 1576 (1999). "The best indicia of that intent are the language of the statute . . ., the spirit of the act and what the act seeks to accomplish." *Concrete Co. v. Board of Commissioners*, 299 N.C. 620, 629, 265 S.E.2d 379, 385 (1980). "Individual expressions must be construed as a part of the composite whole and be accorded only that meaning which other modifying provisions and the clear intent and purpose of the act will permit." *State v. Tew*, 326 N.C. 732, 739, 392 S.E.2d 603, 607 (1990) (citing *In re Hardy*, 294 N.C. 90, 240 S.E.2d 367 (1978). "The Court may also consider the policy objectives prompting passage of the statute and should avoid a construction which defeats or impairs the purpose of the statute." *O & M Indus. v. Smith Eng'r Co.*, 360 N.C. 263, 268, 624 S.E.2d 345, 348 (2006) (citing *Elec. Supply Co. of Durham v. Swain Electrical Co.*, 328 N.C. 651, 656, 403 S.E.2d 291, 294 (1991)).

Any attempt to identify the point by which application for the entry of an order enjoining a foreclosure sale must be made requires a determination of when the rights of a party to a foreclosure sale have become "fixed." N.C. Gen. Stat. § 45-21.34. A review of the relevant statutory procedures governing the conduct of foreclosure proceedings indicates that determining the point at which the rights of the parties have become fixed depends, in the ordinary course of

---

1. Although *Morroni* is an unpublished decision, we believe that it "has precedential value to a material issue in the case." N.C.R. App. P. 30(e)(3). A careful review of our opinion in *Morroni* leads us to conclude that the language upon which we rely in this case was not dicta, but was, on the contrary, critical to our holding in that case. Moreover, despite its unpublished status, *Morroni* appears to address the same essential issue that we have before us and relies upon persuasive logic. As a result, we find it appropriate to rely upon the approach adopted in *Morroni* in deciding this case.

events, upon the date by which an upset bid must be filed. According to N.C. Gen. Stat. § 45-21.27(a), an upset bid must be filed with the "clerk of superior court, with whom the report of sale or last notice of upset bid was filed by the close of normal business hours on the tenth day after the filing of the report of the sale or the last notice of upset bid." "If an upset bid is not filed [in compliance with N.C. Gen. Stat. § 45-21.27], the rights of the parties to the sale or resale become fixed." N.C. Gen. Stat. § 45-21.29A. As a result, in the absence of a properly filed upset bid, the rights of the parties to a foreclosure sale become fixed ten days after the filing of the report of the sale. *Id.* However, even if no upset bid is submitted, the rights of the parties to a foreclosure sale will not become fixed in the event that a temporary restraining order or preliminary injunction is properly obtained prior to the expiration of the ten-day period for filing upset bids. *Morroni*, 2004 N.C. App. LEXIS 997, at *6-7. As a result, the rights of the parties to a foreclosure sale become fixed upon either the expiration of the period for filing an upset bid, the provision of injunctive relief precluding the consummation of the foreclosure sale, or the occurrence of some similar event. Thus, having identified the point at which the rights of the parties to a foreclosure sale become fixed, we must now determine what it means to "apply" for the issuance of an injunction pursuant to N.C. Gen. Stat. § 45- 21.34.

In *Swindell v. Overton*, 310 N.C. 707, 714, 314 S.E.2d 512, 517 (1984), the Supreme Court explained that N.C. Gen. Stat. § 45-21.34 provides limited relief in foreclosure proceedings; moreover, the "relief provided by [N.C. Gen. Stat. §] 45-21.34 is available prior to the confirmation of the foreclosure sale." *In re Watts*, 38 N.C. App. 90, 93, 247 S.E.2d 427, 429 (1978). In *Morroni*, the plaintiffs filed a complaint seeking to enjoin a foreclosure proceeding. *Morroni*, 2004 N.C. App. LEXIS 997, at *2. During the pendency of the proceeding in which the plaintiffs sought injunctive relief, the time within which an upset bid was required to be filed expired. Thus, the rights of the parties to the foreclosure sale became fixed at a point when no upset bid was filed and no temporary restraining order or preliminary injunction had been properly obtained. After the date upon which the parties' rights became fixed, the defendants filed a motion seeking to have plaintiffs' effort to enjoin the foreclosure proceedings dismissed as moot. This Court upheld the trial court's decision to dismiss plaintiffs' complaint, explaining that, "[o]nce the rights to a foreclosure sale are fixed, a court cannot issue a prohibitory injunction" and that the "dispositive issue of law" was in fact "mootness." *Id.*, at *7; *4-5 (explain-

ing that " 'courts will not decide . . . cases in which there is no longer any actual controversy' " and that, " 'whenever . . . it develops that the relief sought has been granted or that the questions originally in controversy between the parties are no longer at issue, the case should be dismissed, for courts will not entertain or proceed with a cause merely to determine abstract proportions of law' ") (quoting *Black's Law Dictionary* 1025 (7th ed. 1999), and *In re Peoples*, 296 N.C. 109, 147, 250 S.E.2d 890, 912 (1978), *cert. denied*, 442 U.S. 929, 61 L. Ed. 2d 297, 99 S. Ct. 2859 (1979)). In reaching this conclusion, this court explained that the language of N.C. Gen. Stat. § 45-21.34 "contemplate[s] that a party seeking to avoid a foreclosure sale will take such action as is necessary to prevent the sale from becoming final." *Id.* at *7.

According to well-established North Carolina law, a " 'court cannot restrain the doing of that which has already been consummated.' " *Fulton v. Morganton*, 260 N.C. at 345, 347, 132 S.E.2d 687, 688 (1963) (quoting *Austin v. Dare County*, 240 N.C. 662, 83 S.E.2d 702 (1954), and *Ratcliff v. Rodman*, 258 N.C. 60, 127 S.E.2d 788 (1962)). An application to enjoin a foreclosure sale which remains undecided at the time that the parties' rights have become fixed is nothing more than a request that that which has already been consummated be restrained. *Bechtel v. Central Bank and Trust Co.*, 202 N.C. 855, 856, 164 S.E. 338, 338 (1932) (stating that, "as the sale which the plaintiff seeks to enjoin has already taken place, there is nothing now to restrain, and the action was properly dismissed") (citing *Rosseau v. Bullis*, 201 N.C. 12, 158 S.E. 553 (1931)); *see also, DuBose v. Gastonia Mutual Savings and Loan*, 55 N.C. App. 574, 580, 286 S.E.2d 617, 621 (explaining that the "question[] raised by plaintiffs [was] moot" because "the defendants have completed their foreclosure sale; the property has been conveyed . . . . and the sale has been confirmed;" and "plaintiffs obtained neither a stay of execution . . . . nor a temporary stay or a writ of supersedeas."), *disc. review denied*, 305 N.C. 584, 292 S.E.2d 5 (1982). Thus, absent sufficient action by a party seeking to avoid a foreclosure sale to prevent the sale from becoming final, any attempt to enjoin such a sale which has not been heard and decided by the date for the submission of upset bids becomes moot and subject to dismissal at that time.

In seeking to persuade us to reach a contrary result, Plaintiff argues that one "applies" for the issuance of an injunction by making the necessary filing with the office of the Clerk of Superior Court, so that, under the literal language of N.C. Gen. Stat. § 45-21.34, all that needs to have occurred in order for a party to make an effective

attempt to enjoin a foreclosure is to make the necessary filing. However, given that the adoption of this result would have the effect of elongating what is clearly intended to be an expeditious process, thereby casting doubt on otherwise vested rights, we believe that the adoption of the approach advocated by Plaintiff is inconsistent with the general intent and purpose of N.C. Gen. Stat. § 45-21.34 and traditional notions of mootness. Furthermore, given that temporary restraining orders may be issued on a *ex parte* basis in appropriate instances, N.C. Gen. Stat. § 1A-1, Rule 65(b) (stating that "[a] temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (i) it clearly appears from specific facts shown by affidavit or by verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (ii) the applicant's attorney certifies to the court in writing the efforts, if any, that have been made to give the notice and the reasons supporting the claim that notice should not be required"),[2] and given that "apply" can be defined as "[t]o make a formal request or motion," *Black's Law Dictionary* 96 (7th ed. 2009), an interpretation of N.C. Gen. Stat. § 45-21.34 that requires the applicant to seek and obtain the requested injunction before the point at which the upset bid period expires is completely consistent with the literal language and the underlying purpose sought to be achieved through the relevant statutory provision. Thus, we conclude that the construction of N.C. Gen. Stat. § 45-21.34 urged upon us by Plaintiff lacks persuasive force.

As we have already noted, the 1214 Canal Drive property was the subject of a foreclosure sale held on 8 September 2009. At the foreclosure sale, Defendant Chase bid $423,932.55 in order to purchase the property. Plaintiff filed an application to enjoin the foreclosure sale pursuant to N.C. Gen. Stat. § 45-21.34 ten days later. However, given that no upset bid was filed by the expiration of the statutorily-prescribed ten day period and given that Plaintiff did not obtain temporary or preliminary injunctive relief by the time that the upset bid period expired, the rights of the parties to the sale became fixed as of that date, rendering Plaintiff's application moot. Thus, given that the foreclosure sale became final before Plaintiff obtained any sort of

---

2. The ability of an applicant to obtain temporary injunctive relief without notice adequately addresses Plaintiff's argument based on the fact that the Clerk of Superior Court's office evidently informed Plaintiff's counsel that the application could not be set for hearing earlier than 28 September 2009, some ten days after the date upon which it was filed.

injunctive relief, Plaintiff is left without the ability to prevent the consummation of the foreclosure on the 1214 Canal Drive property, since " 'a court cannot restrain the doing of an act which already has been consummated.' " *Morroni*, 2004 N.C. App. LEXIS 997, at *7 (quoting *Roberts v. Madison County Realtors Ass'n*, 344 N.C. 394, 401-02, 474 S.E.2d 783, 788 (1996). As a result, the trial court did not err by denying Plaintiff's request that the foreclosure be enjoined pursuant to N.C. Gen. Stat. § 45-21.34 on timeliness and mootness grounds.[3]

## IV. Conclusion

Thus, for the reasons set forth above, we conclude that the trial court did not err by dismissing that Plaintiff's application seeking to enjoin the foreclosure sale relating to the 1214 Canal Street property pursuant to N.C. Gen. Stat. § 45-21.34 as untimely and moot. As a result, the trial court's order should be, and hereby is, affirmed.

AFFIRMED.

Judges MARTIN and STROUD concur.

---

3. Although Plaintiff also asserts that the trial court erred by concluding that the amount bid for the 1214 Canal Drive property was adequate and equitable and would not result in irreparable harm to Plaintiff, we need not reach these issues given our conclusion that Plaintiff failed to seek and obtain injunctive relief in a timely fashion.