IN RE FORECLOSURE OF CORNBLUM

[220 N.C. App. 100 (2012)]

IN THE MATTER OF THE FORECLOSURE OF THE NINE DEEDS OF TRUST OF MARSHALL AND MADELINE CORNBLUM, GRANTORS, AS RECORDED IN BOOK 346, AT PAGE, 582, AS RECORDED IN BOOK 346, AT PAGE, 565, AS RECORDED IN BOOK 339, AT PAGE, 117, AS RECORDED IN BOOK 332, AT PAGE, 904, AS RECORDED IN BOOK 328, AT PAGE, 133, AS RECORDED IN BOOK 326, AT PAGE, 962, AS RECORDED IN BOOK 329, AT PAGE, 851, AS RECORDED IN BOOK 336, AT PAGE; 646, AND AS RECORDED IN BOOK 362, AT PAGE, 776, OF THE SWAIN COUNTY REGISTRY. WILLIAM RICHARD BOYD, JR. SUBSTITUTE TRUSTEE. AND IN THE MATTER OF THE FORECLOSURE OF THE THREE DEEDS OF TRUST OF LONGBRANCH PROPERTIES, LLC, GRANTORS, AS RECORDED IN BOOK 1667, AT PAGE, 47, AS RECORDED IN BOOK 1603, AT PAGE 11, AND AS RECORDED IN BOOK 1656, AT PAGE, 50, OF THE JACKSON COUNTY REGISTRY. WILLIAM RICHARD BOYD, JR. SUBSTITUTE TRUSTEE.

No. COA11-534

(Filed 17 April 2012)

### 1. Jurisdiction—subject matter—arbitration award

The superior court's judgment confirming an arbitration award in an action arising out of twelve consolidated foreclosure actions was reversed because there was no subject matter jurisdiction to compel or confirm arbitration. The clerk and trial court are limited to making the findings contained in N.C.G.S. § 45-21.16(d).

### 2. Arbitration and Mediation—arbitration award—foreclosure sales not void—argument moot

Although the superior court lacked subject matter jurisdiction to confirm an arbitration award in an action arising out of twelve consolidated foreclosure actions, the Court of Appeals did not disturb the foreclosure sales and resulting transfers of title to real property and appellants' argument that the foreclosure sales were void was dismissed as being moot.

Appeal by respondents from judgment entered 15 November 2010 by Judge James U. Downs in Swain County Superior Court. Heard in the Court of Appeals 13 December 2011.

*Shanahan Law Group, PLLC, by Kieran J. Shanahan, Brandon S. Neuman, and John E. Branch III, for respondents-appellants.*

*Van Winkle, Buck, Wall, Starnes and Davis, P.A., by Esther E. Manheimer & Mark A. Pinkston, for claimants-appellees.*

STEELMAN, Judge.

**IN RE FORECLOSURE OF CORNBLUM**

[220 N.C. App. 100 (2012)]

The trial court erred in submitting to arbitration an action commenced pursuant to N.C. Gen. Stat. § 45-21.16. Appellants' argument that the foreclosure sales were void is dismissed as being moot.

## I. Factual and Procedural Background

This appeal arises out of twelve consolidated foreclosure actions. The appellants in this case (collectively, "appellants") include Marshall E. Cornblum, Madeline H. Cornblum, and Longbranch Properties, LLC. Appellants executed thirteen promissory notes secured by deeds of trust on various pieces of real property purchased and developed with the loans.[1] When the mortgagors defaulted on their obligations, United Community Bank ("UCB"), the mortgagee, commenced twelve separate foreclosure actions under N.C. Gen. Stat. § 45-21.16 (2011). These actions were filed in December 2009 and January 2010 in Swain and Jackson Counties.

Appellants demanded arbitration of all claims pursuant to arbitration agreements contained in each deed of trust. When UCB refused to arbitrate, appellants filed motions to compel arbitration. The clerks of court of Swain and Jackson counties denied these motions and entered orders allowing the foreclosures to proceed. Appellants appealed to the superior court. All twelve appeals were consolidated.

The superior court conducted a hearing *de novo* and issued an order granting each motion to compel arbitration. The court ordered the parties to arbitrate their dispute in accordance with the arbitration provisions contained in the deeds of trust. Pursuant to the arbitration agreements, the court also ordered the parties to join all other claims arising out of their relationship. UCB filed a "statement of claims," which asserted claims for breach of contract in addition to the claims in foreclosure. While the arbitration proceedings were pending, UCB assigned the promissory notes, guaranties, and deeds of trust to Asset Holding Company 5, LLC ("AHC" and collectively, "appellees"). AHC was joined in the arbitration proceedings as a party-claimant, but UCB remained a party for the purposes of appellants' counterclaims.

---

1. Not every promissory note was executed by every appellant and not every appellant executed a promissory note. But a precise description of these obligations is unnecessary for the purpose of this appeal.

**IN RE FORECLOSURE OF CORNBLUM**

[220 N.C. App. 100 (2012)]

The arbitrator ruled in favor of appellees on all claims. The arbitrator made five rulings that are relevant to this appeal: (1) AHC met its burden of proof under each of the six statutory requirements under the powers of sale; (2) the evidence was undisputed that appellants had defaulted on their obligations under the promissory notes and guaranties; (3) due to these defaults, AHC was entitled to an award in the amount of principal and interest due under each note or guarantee; (4) appellees were entitled to attorneys' fees; and (5) appellants' defenses, counterclaims, and class claims were without merit. The superior court subsequently granted appellees' motion to confirm the arbitration award and denied appellants' motion to vacate the award.

Appellants appeal.

## II. Subject Matter Jurisdiction

In appellants' sole argument, they contend that the superior court lacked subject matter jurisdiction to confirm the arbitration award. We agree, but insofar as appellants ask us to void the foreclosure sales, their argument is moot.

### A. Standard of Review

"In reviewing a question of subject matter jurisdiction, our standard of review is *de novo.*" *In re K.A.D.*, 187 N.C. App. 502, 503, 653 S.E.2d 427, 428 (2007).

### B. Analysis

#### 1. Subject Matter Jurisdiction

[1] In the proceedings below, appellants filed a motion to compel these matters to be submitted to arbitration. This request was granted by the superior court. Now they contend that the superior court did not have jurisdiction to confirm the arbitration award. Our courts generally do not allow parties to assert conflicting positions in the same or subsequent judicial proceedings. *See, e.g.*, *Whitacre P'ship v. Biosignia, Inc.*, 358 N.C. 1, 21, 591 S.E.2d 870, 883–84 (2004) (compiling decisions). As Chief Justice Stacy opined, a party may not "safely 'run with the hare and hunt with the hound.'" *Rand v. Gillette*, 199 N.C. 462, 463, 154 S.E. 746, 747 (1930). But this proposition does not apply to subject matter jurisdiction.

"Subject matter jurisdiction refers to the power of the court to deal with the kind of action in question [and] is conferred upon

the courts by either the North Carolina Constitution or by statute." Subject matter "[j]urisdiction rests upon the law and the law alone. It is never dependent upon the conduct of the parties." Specifically, subject matter jurisdiction cannot be conferred by waiver or consent of the parties.

*Mosler ex rel. Simon v. Druid Hills Land Co.*, 199 N.C. App. 293, 295, 681 S.E.2d 456, 458 (2009) (citations omitted) (alterations in original). Therefore, even though appellants themselves created the alleged jurisdictional defect of which they now complain, they are not barred from arguing it was error on appeal.

N.C. Gen. Stat. § 7A-240 provides a grant of "original general jurisdiction of all justiciable matters of a civil nature cognizable in the General Court of Justice" to the district and superior courts. N.C. Gen. Stat. § 7A-240. However, the General Assembly has enacted various caveats to this general jurisdiction. *See, e.g., id.* § 7A-244 (providing that the district court is the proper division for various cases involving domestic relations). These jurisdictional caveats control because "[w]here one of two statutes might apply to the same situation, the statute which deals more directly and specifically with the situation controls over the statute of more general applicability." *Trs. of Rowan Technical Coll. v. J. Hyatt Hammond Assocs.*, 313 N.C. 230, 238, 328 S.E.2d 274, 279 (1985). Appellants argue that the narrow scope of the statutory foreclosure by power of sale hearing places a jurisdictional restriction on the clerk of court and the superior court on appeal. They maintain that the clerk and superior court do not have jurisdiction in a power of sale foreclosure proceeding to do *anything* other than making (or refusing to make) the findings required by the statute.

Foreclosure by power of sale is an expedited process governed by statute. In order to exercise the power of sale granted in a mortgage or deed of trust, the mortgagee or trustee must initiate a hearing before the clerk of court. *See* N.C. Gen. Stat. § 45-21.16. That hearing is very narrow in scope:

If the clerk finds the existence of (i) valid debt of which the party seeking to foreclose is the holder, (ii) default, (iii) right to foreclose under the instrument, (iv) notice to those entitled to such under subsection (b), (v) that the underlying mortgage debt is not a home loan as defined in G.S. 45-101(1b), or if the loan is a home loan under G.S. 45-101(1b), that the pre-foreclosure notice under G.S. 45-102 was provided in all mate-

rial respects, and that the periods of time established by Article 11 of this Chapter have elapsed, and (vi) that the sale is not barred by G.S. 45-21.12A, then the clerk shall authorize the mortgagee or trustee to proceed under the instrument . . . .

*Id.* § 45-21.16(d). The clerk's decision may be appealed to the superior court for a hearing *de novo. Id.* § 45-21.16(d1). Appeal to this Court from the superior court's ruling does not stay the court's order; the appellant must execute a bond in order to stay the foreclosure sale. *Id.* § 1-292; *see also In re Hackley*, ___ N.C. App. ___, ___, 713 S.E.2d 119, 125 (applying N.C. Gen. Stat. § 1-292 to a foreclosure action), *disc. review denied and review denied as moot*, ___ N.C. ___, 718 S.E.2d 377 (2011).

Pursuant to N.C. Gen. Stat. § 45-21.34, after the clerk (or superior court) has authorized a foreclosure sale pursuant to the hearing, anyone with a legal or equitable interest in the property may apply to the superior court for an injunction (or a temporary restraining order) to halt the sale. N.C. Gen. Stat. § 45-21.34. An interested party may assert any legal or equitable ground for halting the sale. *Id.* That party must apply for the injunction before the parties rights become "fixed" pursuant to N.C. Gen. Stat. § 45-21.29A. *Id.* § 45-21.34. In pertinent part, N.C. Gen. Stat. § 45-21.29A reads: "If an upset bid is not filed following a sale, resale, or prior upset bid within the period specified in [Article 2A of Chapter 45], the rights of the parties to the sale or resale become fixed."

This Court recently held in *In re Foreclosure of Pugh* that the clerk of court and the trial court correctly denied the respondents' motion to compel arbitration because the clerk and trial court are limited to making the findings contained in N.C. Gen. Stat. § 45-21.16(d). No. COA11-990, slip op. at 6–7 (N.C. Ct. App. March 6, 2012). The Court stated that the proper vehicle to bring an arbitration motion is a motion to enjoin a foreclosure sale under N.C. Gen. Stat. § 45-21.34. *Id.* at 8. "[H]ad the trial court actually issued findings regarding [the] respondents' [a]rbitration [m]otion, it would have *exceeded its jurisdiction* by addressing an issue not related to the six findings set forth in N.C. Gen. Stat. § 45-21.16(d)." *Id.* (emphasis added). The Court also explained that an arbitration motion would be properly raised in a motion to enjoin pursuant to N.C. Gen. Stat. § 45-21.34 where "the court's *jurisdiction* is much broader." *Id.* (emphasis added). We note that several decisions by this Court that do not relate to arbitration have also treated the findings in N.C. Gen. Stat. § 45-21.16(d) as jurisdictional limitations. *See Mosler*, 199 N.C.

App. at 297, 681 S.E.2d at 459 (holding that the trial court did not err in its refusal to consider the borrower's defense of merger on appeal since the defense was outside the subject matter jurisdiction of the trial court); *In re Watts,* 38 N.C. App. 90, 95, 247 S.E.2d 427, 430 (1978) (holding that the trial court exceeded its authorized scope of review by invoking equitable jurisdiction).

*In re Foreclosure of Pugh* leaves us with the following rule: In a power of sale proceeding initiated pursuant to N.C. Gen. Stat. § 45-21.16, the clerk of court, and the superior court on appeal from the clerk's decision, lack subject matter jurisdiction to consider and rule on a party's motion to compel arbitration. We are bound by this rule. *In re Civil Penalty,* 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989). ("[A] panel of the Court of Appeals is bound by a prior decision of another panel of the same court addressing the same question, but in a different case, unless overturned by an intervening decision from a higher court."). Under *In re Foreclosure of Pugh,* submitting this case to arbitration and confirming the arbitration award fell outside of the superior court's subject matter jurisdiction. Notwithstanding appellants' effort to compel the arbitration proceedings, we reverse the superior court's judgment confirming the arbitration award because there was no subject matter jurisdiction to compel or confirm arbitration.

2. Mootness

[2] We recently ruled in *Hackley* that when the parties' rights became "fixed" pursuant to N.C. Gen. Stat. § 45-21.29A, the appellant's challenge to the foreclosure proceedings were moot. ___, N.C. App. at ___, 713 S.E.2d at 125; *see also Cnty. of Cumberland v. Barton, No.* COA11-631, slip op. at 7 (N.C. Ct. App. Dec. 6 2011) (unpublished) (dismissing appeal where the record revealed "that the foreclosure sale . . . ha[d] been completed, that the proceeds of the sale ha[d] been applied to eliminate [the d]efendants' tax and assessment liabilities, and that [the d]efendants' real property ha[d] been conveyed to the purchaser"). In that case, the debtor failed to stay the foreclosure proceeding. He did not execute the bond required by N.C. Gen. Stat. § 1-292. *Hackley,* ___ N.C. App. at ___, 713 S.E.2d at 125. The debtor argued that because he had filed for bankruptcy, there was an automatic stay of the foreclosure. *Id.* at 124. *See generally* 11 U.S.C. § 362(a) (2006) (providing for the automatic bankruptcy stay). But the Court refused to consider the substance of his bankruptcy argument because there was insufficient documentation in the record to establish he was entitled to the automatic stay. *Hackley,* ___ N.C. App. at ___, 713 S.E.2d at 123-24.

The Court took judicial notice of a recorded deed contained in an appendix to the debtor's brief. *Id.* at ___, 713 S.E.2d at 123. That deed established that the foreclosure sale had been completed. *Id.* at ___, 713 S.E.2d at 124. The Court held:

> Here, the subject real property was sold and the Trustee's Deed was recorded. There is no indication in the record that respondent paid a bond to stay the foreclosure sale; nor was there an upset bid during the 10 day period, or any indication in the record that respondent obtained a temporary restraining order or preliminary injunction prior to the end of the ten-day upset bid period. Therefore, respondent's and the secured creditor's rights in the subject real property are fixed and respondent's appeal is moot.

*Id.* at ___, 713 S.E.2d at 125 (citations omitted). Therefore, under *Hackley*, when the trustee's deed has been recorded after a foreclosure sale, and the sale was not stayed, the parties rights to the real property become fixed, and any attempt to disturb the foreclosure sale is moot. That rule is binding upon this panel. *See In re Civil Penalty*, 324 N.C. at 384, 379 S.E.2d at 37.

The facts are similar in this case. Appellants did not obtain a stay by posting the bond required by N.C. Gen. Stat. § 1-292. They did not challenge the foreclosure sale under N.C. Gen. Stat. § 45-21.34 by separate action while the sale was pending. Nor is there any indication that there was an upset bid during the ten-day period prescribed by statute. *See* N.C. Gen. Stat. § 45-21.27 ("[T]here may be successive upset bids each of which shall be followed by a period of 10 days for a further upset bid."). As did the Court in *Hackley*, we take judicial notice of the recorded trustee's deeds submitted by appellees in the appendix of their first memorandum of additional authority. *See Hackley*, ___ N.C. App. at ___, 713 S.E.2d at 123. As in *Hackley*, these deeds establish that the foreclosure sales have occurred and that the interests in real property have been transferred to purchasers. *See id.* at ___, 713 S.E.2d at 124.

The only distinction between this case and *Hackley* is that appellants' challenge is based on the superior court's lack of subject matter jurisdiction. N.C. Gen. Stat. § 45-21.34 provides that a trial court may enjoin a foreclosure sale on any "legal or equitable ground which the court may deem sufficient." N.C. Gen. Stat. § 45-21.34. A defect in subject matter jurisdiction on the part of the court authorizing a foreclosure sale would be such a ground. *Cf. In re Foreclosure of Pugh*,

IN RE FORECLOSURE OF CORNBLUM

[220 N.C. App. 100 (2012)]

slip op. at 7–8 (explaining that a motion to compel arbitration is properly brought in a motion to enjoin under N.C. Gen. Stat. § 45-21.34 because it is not pertinent to the findings specified by N.C. Gen. Stat. § 45-21.16). The party seeking the injunction must ensure that its application is heard, decided, and filed prior to the date upon which the rights of the parties become fixed. *Goad v. Chase Home Fin., LLC*, ___ N.C. App. ·___, ___, 704 S.E.2d 1, 3 (2010). The General Assembly has provided a procedure for obtaining relief from a jurisdictionally-defective order authorizing a foreclosure sale. We hold that the rule in *Hackley* applies with equal force when the appealing party contends that the superior court lacked subject matter jurisdiction to authorize the foreclosure sale to proceed.

In this case, appellants did not apply for a temporary stay or injunction on the ground that the superior court lacked subject matter jurisdiction to authorize the sale. The foreclosure sale was consummated, and the parties' rights in real property are fixed. Under *Hackley*, appellants' arguments attacking the consummation of the foreclosure sale are moot. *See Hackley*, ___ N.C. App. at ___, 713 S.E.2d at 125. The foreclosure sale cannot be undone through this appeal. *See Austin v. Dare Cnty.*, 240 N.C. 662, 663, 83 S.E.2d 702, 703 (1954) ("The sale and conveyance having been consummated, whatever Judge Carr should have restrained the defendants, *pendente lite*, is now an academic question. It is quite obvious that a court cannot restrain the doing of that which has been already consummated."). Therefore, our conclusion that the superior court lacked subject matter jurisdiction does not disturb the foreclosure sales and resulting transfers of title to real property.

## III.  Conclusion

Appellants' argument that the foreclosure sales in this case must be set aside fails. Therefore, the resulting transfer of real property will not be disturbed as a result of our decision in this case. The trial court's 15 November 2010 judgment confirming arbitration is reversed. We appreciate that the outcome in this case is somewhat incongruous because we reverse the order authorizing the foreclosure sale but leave the resulting transfer in real property undisturbed. However, appellants' conflicting litigation postures, the statutory framework, as well as binding precedent compel this result.

REVERSED.

Judges McGEE and STROUD concur.