An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA15-20

Filed: 4 August 2015

Mecklenburg County, No. 13 CVS 20158

DAVID W. THOMPSON, Plaintiff,

v.

BANK OF AMERICA, N.A.; PRLRAP, INC.; NATIONWIDE TRUSTEE SERVICES, INC.; BAC HOME LOANS SERVICING, LP; SAXON MORTGAGE SERVICES, INC.; WENDY B. COLE and MATRESSA R. MORRIS, Defendants.

Appeal by plaintiff from orders entered 12 June and 13 June 2014 by Judge Richard D. Boner in Mecklenburg County Superior Court. Heard in the Court of Appeals 21 May 2015.

> *David W. Thompson, pro se, for plaintiff.*
>
> *Bradley Arant Boult Cummings LLP, by Brian M. Rowlson, for defendants Bank of America, N.A. and BAC Home Loans Servicing, LP.*
>
> *Nelson Mullins Riley & Scarborough LLP, by Julia B. Hartley and Ramona Farzan, for defendant Saxon Mortgage Services, Inc.*

INMAN, Judge.

Plaintiff David Thompson appeals from the trial court's orders dismissing with prejudice plaintiff's amended complaint. Defendants have filed a motion to dismiss the appeal because: (1) the appeal is moot; (2) lack of jurisdiction; and (3) plaintiff's appeal is an impermissible collateral attack of the clerk's foreclosure order.

After careful review, we grant defendants' motion to dismiss in part and affirm the trial court's orders in part.

**Factual and Procedural Background**

Relevant factual and procedural facts include the following: On 9 June 2010, in 10 SP 2738, a foreclosure hearing was held before the Mecklenburg County Assistant Clerk of Superior Court ("the Clerk") regarding the subject property. Plaintiff did not attend the hearing. The Clerk entered an order of foreclosure after making all the necessary findings under N.C. Gen. Stat. § 45-21.16(d). Plaintiff did not appeal the Clerk's order of foreclosure.

Eventually, after various postponements and following a notice of sale served by mail on 26 May 2011 and attached as an exhibit to plaintiff's complaint, the substitute trustee sold the property at a foreclosure sale on 14 July 2011. At the auction, the highest bidder was defendant Bank of America, N.A. ("BOA"). A copy of the foreclosure sale report was filed in Superior Court on 14 July 2011. No upset bids were filed, and plaintiff did not file a motion to enjoin the sale pursuant to N.C. Gen. Stat. § 45-21.34. On 9 August 2011, BOA filed a Final Report and Account of Foreclosure Sale. No other pleadings were filed in 10 SP 2738.

Beginning in July 2011, plaintiff alleges that he began receiving conflicting information as to who held his home loan account. He claimed that he was informed that defendant Saxon Mortgage Services ("Saxon") had acquired the servicing of his

home loan from defendant BAC Home Loans Servicing ("BAC") on 7 July 2011, just a few days after BAC told him that his account had been transferred to its parent-company, BOA. Until 11 July 2011, plaintiff contends that he received various form letters and account statements from both BAC and Saxon but that none of the correspondence indicated that the property was the subject of a foreclosure proceeding.

Although plaintiff claims that he did not receive any notice of the foreclosure hearing before the Clerk, he admits that he received notice that his property was the subject of a foreclosure proceeding as early as 5 July 2010 when he received a letter from defendant Nationwide Trustee Services ("Nationwide") (collectively, Nationwide, Saxon, BAC, and BOA are referred to as "defendants"). In his complaint, he also admits that he received notice of all the various postponements of the foreclosure sale except for the notice of postponement dated 26 May 2011, which indicated that the foreclosure sale had been set for 14 July, the date in which the property was eventually sold at public auction. Notwithstanding his denial, plaintiff attached a copy of this notice to his complaint. On or about 5 August 2011, plaintiff claims that he learned that the property had been sold at auction. Plaintiff made numerous phone calls to BOA, Nationwide, and Saxon after he was notified of the sale.

Plaintiff alleges that on 27 February 2012, he filed a civil case in Superior Court, but that he took a voluntary dismissal without prejudice on 14 November 2012. Neither of these documents is included in the record on appeal. Plaintiff also alleges that on 14 November 2013, he recommenced his action, acting *pro se*. Again, a copy of this 2013 complaint is not included in the record. The only evidence of record that plaintiff recommenced a civil action is a copy of his amended complaint filed 25 March 2014 in Superior Court.

In his amended complaint, plaintiff asserts that this is an action to "quit [sic] title" and an action pursuant to section 45-21.34 to enjoin the foreclosure sale in 10 SP 2738. The amended complaint further seeks: (1) "to dismiss with prejudice the Special Proceeding"; (2) "damages against the Defendants for the wrongs those Defendants committed in connection with the Special Proceeding"; (3) compensatory, punitive, and treble damages based on defendants' "unfair and deceptive trade practices"; and (4) punitive damages based on defendants "aggravated and outrageous conduct."

The amended complaint does not include factual allegations supporting plaintiff's "claims for relief" but instead, primarily challenges the Clerk's findings. Specially, plaintiff claims that he did not receive notice of the hearing, the Clerk misrepresented himself, he did not receive notice of the 14 July 2011 foreclosure sale, and that defendants are not the real parties in interest to the foreclosure. The only

detailed factual allegations regarding the fraud and unfair and deceptive trade practice ("UDTP") "claims" are that: (1) the signatures on various pieces of correspondence from defendants do not match; and (2) the "false and fraudulent" foreclosure constitutes slander. However, plaintiff reiterates that this action is an "Action in Equity separate and distinct from the issues which could have been raised [at] the foreclosure hearing."

On 12 June 2014, Judge Richard D. Boner granted defendants' motion to dismiss plaintiff's amended complaint based on Rules 12(b)(1) and (6). Plaintiff appeals.

## Defendants' Motion to Dismiss Plaintiff's Appeal

Defendants assert that plaintiff's appeal should be dismissed because the appeal is moot since the subject property was sold in July 2011, this Court does not have jurisdiction to hear plaintiff's appeal because he failed to appeal the Clerk's foreclosure order to Superior Court, and the underlying action was properly dismissed by the trial court because it alleges facts and seeks relief properly alleged only in a direct appeal from the Clerk's foreclosure order. Prior to addressing whether dismissal of the appeal is appropriate, we must determine what claims plaintiff actually alleged in his complaint. The claims asserted in plaintiff's amended complaint fall into three categories: (1) challenges to the Clerk's findings in the

foreclosure order; (2) equitable claims brought pursuant to N.C. Gen. Stat. § 45-21.34

to enjoin the sale; and (3) various other claims for damages.

## I. Claims Challenging the Clerk's Order of Foreclosure

In a foreclosure under a power of sale, the Clerk may authorize a sale if he or

she finds the existence of six factors:

> (i) valid debt of which the party seeking to foreclose is the holder, (ii) default, (iii) right to foreclose under the instrument, (iv) notice to those entitled to such under subsection (b), (v) that the underlying mortgage debt is not a home loan as defined in G.S. 45-101(1b), or if the loan is a home loan under G.S. 45-101(1b), that the pre-foreclosure notice under G.S. 45-102 was provided in all material respects, and that the periods of time established by Article 11 of this Chapter have elapsed, and (vi) that the sale is not barred by G.S. 45-21.12A.

N.C. Gen. Stat. § 45-21.16(d).  A foreclosure proceeding is limited to those six factors,

so equitable defenses and arguments are irrelevant in such action.   N.C. Gen. Stat.

§ 45-21.16(d1) provides that a party may appeal the Clerk's order of foreclosure for a

*de novo* trial within 10 days after the order is entered.  However, if the party fails to

perfect an appeal from the Clerk's order, "the [C]lerk's order is binding and plaintiffs

are estopped from arguing those same issues in [another] case."  *Phil Mech. Const.*

*Co. v. Haywood*, 72 N.C. App. 318, 322, 325 S.E.2d 1, 3 (1985).  Any subsequent action

attempting to challenge a foreclosure based upon those issues should be dismissed

based on the doctrine of *res judicata.  Id*.

A great deal of plaintiff's amended complaint challenges the sufficiency of the evidence showing that defendants were the holder of the debt and that plaintiff received proper notice of the hearing. However, plaintiff failed to appeal the Clerk's order which found both that BOA was the holder of the note and that plaintiff received proper notice of the hearing. Consequently, as in *Phil Mechanic*, plaintiff's amended complaint is an attempt to collaterally attack the Clerk's order. Accordingly, we allow defendants' motion to dismiss with regard to plaintiff's claims challenging the section 14-21.16(d) findings made by the Clerk.

**II. Plaintiff's N.C. Gen. Stat. § 45-21.34 Claims in Equity**

In his amended complaint, plaintiff notes that "this is an Action in Equity" and requests that the trial court grant various types of equitable relief, including a preliminary injunction and a temporary restraining order. We agree with defendants' contention that this appeal is moot because the subject property was sold in July 2011. While the property owner may file a separate action to enjoin a foreclosure sale upon, among other reasons, any equitable ground which the court may deem sufficient pursuant to N.C. Gen. Stat. § 45-21.34, *see In re Foreclosure by Foster*, __ N.C. App. __, __, 768 S.E.2d 870, 873 (2015), the action and prayer for injunctive relief must be filed, heard, and decided before the rights of the parties to the foreclosure sale become fixed. *See Goad v. Chase Home Fin.*, LLC, 208 N.C. App. 259, 262, 704 S.E.2d 1, 3 (2010). Generally, the parties' rights become fixed on the date by which

an upset bid must be filed, *i.e.*, within 10 days after the report of sale or last upset bid was filed. *Id.* at 263, 704 S.E.2d at 4. Any attempt to enjoin the sale after this time is "subject to dismissal[.]" *Id.* at 264, 704 S.E.2d at 5.

Here, even if we were to assume that plaintiff's initial complaint, which is not included in the record on appeal, attempted to enjoin the sale, it was not filed until 27 February 2012, seven months after the rights of the parties to the foreclosure sale became fixed. The parties' rights were fixed on 24 July 2011, ten days after the report of sale was filed, no upset bid having been filed. Therefore, we also allow defendants' motion to dismiss as to any claims for equitable relief in plaintiff's amended complaint as they are moot. *See id.*

## III. Plaintiff's Remaining Claims

Plaintiff asserted other causes of action that would survive defendants' motion to dismiss because they do not fall within either the scope of N.C. Gen. Stat. § 45-21.16(d1)—challenges to the Clerk's findings—or N.C. Gen. Stat. § 45-21.3—equitable claims. We agree that some of plaintiff's causes of action fall outside the scope of the relevant statutes. Accordingly, we address those claims below.

### Standard of Review

"This Court reviews the trial court's denial of a motion to dismiss *de novo*." *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007). "The standard of review of an order granting a 12(b)(6) motion is whether the complaint states a claim

for which relief can be granted under some legal theory when the complaint is liberally construed and all the allegations included therein are taken as true." *Burgin v. Owen*, 181 N.C. App. 511, 512, 640 S.E.2d 427, 428 (2007).

## Analysis

In his amended complaint, plaintiff asserted a nonspecified claim for "damages against the Defendants for the wrongs committed by those Defendants in connection with the Special Proceeding," a claim for punitive damages for defendants' "aggravated and outrageous conduct," and a UDTP claim. Even construing those claims liberally, *see id.*, they are not sufficiently pled to provide the substantive elements of a legally recognized claim for which relief may be granted. *See Booher v. Frue*, 86 N.C. App. 390, 392-93, 358 S.E.2d 127, 128 (1987).

Plaintiff's vague claim for damages based on defendants' "wrongs" fails to state any facts with particularity describing the circumstances of the alleged "wrongs" or the amount of damages claimed. The conclusory statement that he suffered damages without providing any underlying information "is insufficient to inform defendants of the scope of his claim." *Skinner v. Reynolds*, __ N.C. App. __, __, 764 S.E.2d 652, 658 (2014). Thus, the trial court did not err in dismissing this claim pursuant to Rule 12(b)(6). *See id.*

Next, with regard to his claim for unfair and deceptive trade practices, plaintiff alleges that defendants "constantly misled and lied" to him regarding his attempts

to modify his loan and that the signatures on various notices and correspondence from defendants do not match.[1]

"In order to establish a *prima facie* claim for unfair trade practices, a plaintiff must show: (1) [the] defendant committed an unfair or deceptive act or practice, (2) the action in question was in or affecting commerce, and (3) the act proximately caused injury to the plaintiff." *Bumpers v. Cmty. Bank of N. Virginia*, 367 N.C. 81, 88, 747 S.E.2d 220, 226 (2013). "An act or practice is unfair if it "is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers" and an act "is deceptive if it has the capacity or tendency to deceive." *Bob Timberlake Collection, Inc. v. Edwards*, 176 N.C. App. 33, 41, 626 S.E.2d 315, 322-23 (2006) (internal quotation marks and citations omitted).

Here, plaintiff failed to plead with sufficient particularity what alleged conduct of defendants rose to the level of an unfair and deceptive trade practice in violation of N.C. Gen. Stat. § 75-1.1 or how those acts proximately resulted in the foreclosure. Specifically, other than his claim that certain signatures do not match, plaintiff's amended complaint is devoid of any support showing these acts were immoral or substantially injurious or that they directly brought about the foreclosure. Consequently, we affirm the trial court's order dismissing plaintiff's UDTP claim.

---

[1] Although plaintiff did allege that the Clerk's order was "procured by [f]raud," that claims constitutes an impermissible attack on the Clerk's order which is subject to dismissal for the reasons explained in Section I above. Accordingly, we do not consider this allegation when determining the sufficiency of plaintiff's pleading with regard to his UDTP claim.

Finally, plaintiff's claims for punitive damages also fail to state a claim for which relief may be granted. "[A] claim for punitive damages is not a stand-alone claim." *Funderburk v. JPMorgan Chase Bank, N.A.*, No. __ N.C. App. __, __, __ S.E.2d __, __ (COA14-1258) (June 16, 2015). In an action involving a foreclosure, if a plaintiff's claims for compensatory damages fail, the punitive damage claim fails as well. *Id.* Here, since plaintiff's claims for unspecified "damages" and UDTP are not sufficiently pled to survive defendants' Rule 12(b)(6) motion at trial, his punitive damage claim also fails.

## Conclusion

For the foregoing reasons, we allow defendants' motion to dismiss plaintiff's appeal with regard to plaintiff's claims collaterally attacking the Clerk's order and plaintiff's equitable claims that fall within the scope of section 45-21.34. As to plaintiff's remaining claims for compensatory and punitive damages, we affirm the trial court's order of dismissal.

DISMISSED IN PART; AFFIRMED IN PART.

Judges STROUD and MCCULLOUGH concur.

Report per Rule 30(e).