IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA18-419

 Filed: 18 December 2018

Iredell County, No. 17 SP 252

IN THE MATTER OF THE FORECLOSURE OF A DEED OF TRUST EXECUTED
BY MICHAEL D. RADCLIFF AND MARGENE K. RADCLIFF DATED MAY 23, 2003
AND RECORDED IN BOOK 1446 AT PAGE 2024 AND RERECORDED IN BOOK
1472 AT PAGE 2465 IN THE IREDELL COUNTY PUBLIC REGISTRY, NORTH
CAROLINA.

 Appeal by Michael Johnson from order entered 2 January 2018 by Judge Casey

M. Viser in Iredell County Superior Court. Heard in the Court of Appeals 15 October

2018.

 Scarbrough & Scarbrough, PLLC, by John F. Scarbrough, James E.
 Scarbrough, and Madeline J. Trilling, for appellant Michael Johnson.

 Horack, Talley, Pharr & Lowndes, PA, by Amy P. Hunt, for appellee Wells
 Fargo Bank, N.A.

 ELMORE, Judge.

 Michael Johnson appeals from an order granting the motion of Wells Fargo

Bank, N.A., to reopen the upset bid period in a power-of-sale foreclosure action on the

basis that Wells Fargo never received notice of Johnson’s upset bid, and that if it had,

Wells Fargo would have placed an additional upset bid prior to the period’s

expiration. On appeal, Johnson contends the trial court lacked subject matter

jurisdiction to reopen the upset bid period because the rights of the parties had

already become fixed pursuant to N.C. Gen. Stat. § 45-21.29A. Johnson further
 IN RE: RADCLIFF

 Opinion of the Court

contends the trial court abused its discretion in granting Wells Fargo’s motion

pursuant to N.C. Gen. Stat. § 45-21.27(h).

 For the reasons stated herein, we affirm.

 I. Background

 This appeal arises out of a special proceeding by a mortgagee to foreclose on a

deed of trust given by Michael and Margene Radcliff in 2003 to secure a promissory

note in the amount of $1,000,000.00. The collateral real property was encumbered

by two junior deeds of trust for the benefit of Wells Fargo: one given by Margene

Radcliff in 2005 to secure future advances of as much as $1,000,000.00 under the

terms of a business equity line promissory note, and another given by Margene

Radcliffas trustee of the Margene Radcliff Revocable Trustin 2007 to secure

future advances of up to $820,000.00 under a home equity line of credit.

 The substitute trustee under the first deed of trust initiated this action by

filing a notice of hearing on 18 May 2017. On 20 July, the clerk of court entered an

order permitting the substitute trustee to proceed with a foreclosure sale. At the 31

August sale, Affinity Capital, LLC, was the high bidder at $970,073.69. The

substitute trustee thereafter filed a report setting forth the high bid and indicating

that the 10-day statutory period for upset bids would expire on 11 September.

 On 6 September 2017, Wells Fargo placed and filed a notice of upset bid in the

amount of $1,018,577.37, and the upset bid period was renewed until 18 September.

 -2-
 IN RE: RADCLIFF

 Opinion of the Court

On 15 September, Johnsonan individual third-party bidderfiled his upset bid in

the amount of $1,069,506.24, and the upset bid period was renewed until 25

September. On 28 September, Wells Fargo filed a “motion to extend upset period.”

The motion requested that the upset bid period be reopened and extended for an

additional ten days on the basis that Wells Fargo had not received notice of Johnson’s

15 September upset bid, and that if it had, Wells Fargo would have placed an

additional upset bid prior to 25 September.

 Wells Fargo’s motion was first heard by the clerk of court on 17 October 2017,

and on 31 October, the clerk entered an order denying the motion and concluding that

Johnson’s 15 September upset bid was the high and final bid. Wells Fargo then

appealed to the trial court, which granted the motion and reopened the upset bid

period in an order dated 2 January 2018. In its order, the trial court made the

following relevant findings of fact and conclusions of law1:

 5. [Wells Fargo] never received notice of the September 15,
 2017 upset bid as required, or contemplated, by G.S. § 45-
 21.27(e), and Wells Fargo was prepared to tender an
 additional upset bid had it known an upset bid had been
 filed on September 15, 2017.

 6. Wells Fargo has interests in the collateral real property
 that stand to be eliminated by this foreclosure proceeding.
 Without limitation, Wells Fargo is the beneficiary of (i) that
 certain Deed of Trust securing the original principal
 amount of $1,000,000 recorded on June 1, 2005 in Deed

 1 The trial court failed to distinguish between its findings of fact and conclusions of law in the
order.

 -3-
 IN RE: RADCLIFF

 Opinion of the Court

 Book 1650, Page 1540, and (ii) that certain Open-End Deed
 of Trust securing advances up to the original principal
 amount of $820,000 recorded on August 29, 2007 in Deed
 Book 1879, Page 1853, both of the Iredell County Registry.

 7. The Court has the authority pursuant to G.S. [§] 45-
 21.27(h) to “make all such orders as may be just and
 necessary to safeguard the interests of all parties” and has
 the inherent authority to remedy issues that may arise in
 foreclosure sales.

 8. Michael Johnson has incurred attorney’s fees in defense
 of Wells Fargo’s motion . . . which the Court finds to be
 reasonable and should be borne by Wells Fargo.

Based on its findings and conclusions, the trial court ordered that

 A. The upset period in this matter is reopened for ten (10)
 days, starting with the date this order is filed;

 B. The September 15, 2017 upset bid is presently the high
 bid subject to upset pursuant to the provisions of Chapter
 45 of the General Statutes and the terms of this Order, and
 this matter is remanded to the Clerk; [and]

 C. Wells Fargo will pay Michael Johnson the sum of
 $2,175.00, being the reasonable attorney’s fees he incurred
 in defense of the motion before the Court[.]

 On 4 January 2018, Wells Fargo placed an upset bid in the amount of

$1,122,981.56. Instead of placing an additional upset bid within the 10-day period,

Johnson filed notice of appeal on 10 January from the trial court’s order granting

Wells Fargo’s motion to reopen the upset bid period.

 II. Discussion

 -4-
 IN RE: RADCLIFF

 Opinion of the Court

 On appeal, Johnson contends that because the rights of the parties had already

become fixed pursuant to N.C. Gen. Stat. § 45-21.29A, the trial court lacked subject

matter jurisdiction to reopen the upset bid period. He further contends the trial court

abused its discretion in granting Wells Fargo’s motion pursuant to N.C. Gen. Stat. §

45-21.27(h) because the trial court’s findings of fact and conclusions of law were not

supported by the evidence.

 In response to Johnson’s appeal, Wells Fargo contends the trial court had

subject matter jurisdiction pursuant to N.C. Gen. Stat. § 45-21.27(h), and that as a

third-party bidder with no interest in the collateral real property, Johnson’s “rights”

were not fixed. Wells Fargo emphasizes that Johnson is not a party the foreclosure

statutes seek to protect, that the trial court properly reopened the upset bid period

based on the evidence presented, and that the plain language of N.C. Gen. Stat. § 45-

21.27(h) supports the trial court’s order.

 Each assignment of error is addressed in turn.

 A. The trial court had subject matter jurisdiction to reopen the upset bid
 period.

 “In reviewing a question of subject matter jurisdiction, our standard of review

is de novo.” In re Cornblum, 220 N.C. App. 100, 102, 727 S.E.2d 338, 340 (2012)

(citation omitted).

 In contending that the trial court lacked subject matter jurisdiction to reopen

the upset bid period, Johnson quotes Cumberland Cty. Hosp. Sys., Inc. v. N.C. Dep’t

 -5-
 IN RE: RADCLIFF

 Opinion of the Court

of Health & Human Servs., 242 N.C. App. 524, 528, 776 S.E.2d 329, 333 (2015), for

the proposition that “a moot claim is not justiciable, and a trial court does not have

subject matter jurisdiction over a non-justiciable claim[.]” He then cites to N.C. Gen.

Stat. § 45-21.29A (2017), which provides that “[i]f an upset bid is not filed following a

sale, resale, or prior upset bid within the period specified in this Article, the rights of

the parties to the sale or resale become fixed.” Johnson asserts that “[t]his Court has

consistently held that once the upset bid period in a foreclosure proceeding has

expired, and the rights of the parties are fixed under N.C. Gen. Stat. § 45-21.29A, any

action by a party seeking to prevent the sale from becoming final is moot and subject

to dismissal.” He relies primarily on Goad v. Chase Home Fin., LLC, 208 N.C. App.

259, 704 S.E.2d 1 (2010), to support his argument.

 In Goad, the plaintiff borrower sought to have a foreclosure sale enjoined. In

affirming the trial court’s denial of the plaintiff’s request, this Court held that

 absent sufficient action by a party seeking to avoid a
 foreclosure sale to prevent the sale from becoming final,
 any attempt to enjoin such a sale which has not been heard
 and decided by the date for the submission of upset bids
 becomes moot and subject to dismissal at that time.

Id. at 264, 704 S.E.2d at 5. Similarly, in the case of In re Hackley, 212 N.C. App. 596,

713 S.E.2d 119 (2011), this Courtrelying on its holding in Goadheld that where

the appellant borrower did not obtain a stay of the foreclosure sale pending appeal,

 -6-
 IN RE: RADCLIFF

 Opinion of the Court

and the foreclosure sale was consummated and the rights of the parties fixed, the

case was moot and the appeal subject to dismissal. Id. at 60506, 713 S.E.2d at 125.

 The cases cited by Johnson are distinguishable as they each address a situation

in which a borrower was attempting to delay or halt a foreclosure sale. That is simply

not the case here, where the dispute does not involve a borrower but rather two

bidders, one of which has interests in the collateral real property that stand to be

eliminated by the foreclosure sale. That bidder, Wells Fargo, was not seeking to avoid

a foreclosure sale altogether, but to reopen the upset bid period on the basis that it

did not receive proper notice of Johnson’s 15 September upset bid. Wells Fargo

correctly asserts that “[t]he present case is an attempt to cure a procedural defect in

the foreclosure statutes, to obtain a high bid, and to enhance the rights of the parties

to the foreclosure.”

 In contending that the trial court had subject matter jurisdiction to reopen the

upset bid period, Wells Fargo relies on N.C. Gen. Stat. § 45-21.27(h) (2017), which

provides as follows:

 The clerk of superior court shall make all such orders as
 may be just and necessary to safeguard the interests of all
 parties, and shall have the authority to fix and determine
 all necessary procedural details with respect to upset bids
 in all instances in which this Article fails to make definite
 provisions as to that procedure.

The procedural defect here refers to the vague notice requirements contained in N.C.

Gen. Stat. § 45-21.27(e1), discussed in more detail below. As for the trial court’s

 -7-
 IN RE: RADCLIFF

 Opinion of the Court

authority to fix that procedural defect, we conclude that under these circumstances,

the trial court had subject matter jurisdiction pursuant to N.C. Gen. Stat. § 45-

21.27(h) to reopen and extend the upset bid period for an additional ten days. This

assignment of error is therefore overruled.

 B. The trial court did not abuse its discretion in reopening the upset bid period.

 In his second and final argument on appeal, Johnson contends the trial court’s

order reopening the upset bid period was not supported by competent evidence. We

disagree.

 Pursuant to N.C. Gen. Stat. § 45-21.27(h), it is within the trial court’s

discretion to “make all such orders as may be just and necessary to safeguard the

interests of all parties.” “Where matters are left to the discretion of the trial court,

appellate review is limited to a determination of whether there was a clear abuse of

discretion.” In re Brown, 156 N.C. App. 477, 485, 577 S.E.2d 398, 403 (2003).

 N.C. Gen. Stat. § 45-21.27(e) (2017) provides that “[a]t the same time that an

upset bid on real property is submitted to the court . . . the upset bidder shall

simultaneously file with the clerk a notice of upset bid.” N.C. Gen. Stat. § 45-

21.27(e1) (2017) requires that the clerk then “notify the trustee or mortgagee who

shall thereafter mail a written notice of upset bid by first-class mail to the last known

address of the last prior bidder and the current record owner(s) of the property.” Of

 -8-
 IN RE: RADCLIFF

 Opinion of the Court

particular significance to the instant case, subsection (e1) does not provide a deadline

by which the trustee must give notice of an upset bid to the last prior bidder.

 Here, Wells Fargo moved to reopen the upset bid period on the basis that it did

not receive adequate notice as required, or contemplated, by N.C. Gen. Stat. § 45-

21.27(e1). In support of its motion, counsel for Wells Fargo emphasized the following

timeline of events:

 6 September 2017 Wells Fargo placed an upset bid.

 6 September 2017 The clerk notified the substitute
 trustee of Wells Fargo’s upset
 bid via email.

 6 September 2017 The substitute trustee mailed
 notice of Wells Fargo’s upset bid
 to the last prior bidder.

 15 September 2017 Johnson placed an upset bid.

 15 September 2017 The clerk notified the substitute
 trustee of Johnson’s upset bid
 via email.

 20 September 2017 The substitute trustee mailed
 notice of Johnson’s upset bid to
 the last prior bidder (i.e., Wells
 Fargo).

 25 September 2017 The upset bid period expired.

 28 September 2017 Wells Fargo served its motion
 requesting an extension of the
 upset bid period.

 -9-
 IN RE: RADCLIFF

 Opinion of the Court

As the timeline illustrates, there was an inexplicable five-day delay between the

substitute trustee’s receipt of notice from the clerk of Johnson’s upset bid and its

mailing of notice of the same to Wells Fargo.

 On appeal, Wells Fargo concedes that “[t]he substitute trustee technically

acted in accord with [N.C. Gen. Stat. § 45-21.27(e1), which does not specify when a

trustee must give notice of an upset bid to the last prior bidder]; however, the statute

did not contemplate the impact of delayed notice by the substitute trustee when there

is a party (like [Wells Fargo]) bidding to protect a property interest in the collateral.”

We agree and hold that under the circumstances of the instant case, the trial court

did not abuse its discretion in reopening and extending the upset bid period to

safeguard the interests of all parties as permitted by N.C. Gen. Stat. § 45-21.27(h).

 III. Conclusion

 Where Wells Fargo, as the last prior bidder with interests in the collateral real

property that stood to be eliminated by the foreclosure proceeding, did not receive

notice of a third-party’s upset bid in sufficient time to protect its interests, the trial

court properly reopened and extended the upset bid period for an additional ten days.

Accordingly, the order of the trial court is hereby:

 AFFIRMED.

 Chief Judge McGEE and Judge ARROWOOD concur.

 - 10 -